**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4028**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

     v.

JOSEPH R. BAIR, JR.,

             Defendant – Appellant.

**No. 11-4029**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

     v.

JOSEPH R. BAIR, JR.,

             Defendant – Appellant.

Appeals from the United States District Court for the Southern
District of West Virginia, at Beckley.   Irene C. Berger,
District Judge. (5:08-cr-00264-1; 5:09-cr-00192-1)

Submitted: August 24, 2011        Decided: September 12, 2011

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

———————————————

Christopher S. Dodrill, ALLEN GUTHRIE & THOMAS, PLLC, Charleston, West Virginia, for Appellant. Miller A. Bushong, III, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia; Betty Adkins Pullin, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

———————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph R. Bair, Jr., appeals the twenty-seven-month sentence imposed following his guilty plea to distributing hydrocodone, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999 & Supp. 2011), and corruptly obstructing the due administration of tax laws, in violation of 26 U.S.C. § 7212(a) (2006). Counsel for Bair filed a brief in this court in accordance with Anders v. California, 386 U.S. 738 (1967), questioning whether the district court adequately explained the sentence and whether trial counsel provided ineffective assistance. Counsel states, however, that he has found no meritorious grounds for appeal. Bair filed several pro se supplemental briefs. Because we find no meritorious grounds for appeal, we affirm.

We review a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010). We begin by reviewing the sentence for significant procedural error, including such errors as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51. If

3

there are no procedural errors, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

"When rendering a sentence, the district court 'must make an individualized assessment based on the facts presented.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50) (emphasis omitted). Accordingly, a sentencing court must apply the relevant § 3553(a) factors to the particular facts presented and must "'state in open court'" the particular reasons that support its chosen sentence. Id. (quoting 18 U.S.C.A. § 3553(c) (West 2000 & Supp. 2011)). The court's explanation need not be exhaustive; it must be "sufficient 'to satisfy the appellate court that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority.'" United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)) (alterations omitted).

We conclude that the sentence imposed by the district court was both procedurally and substantively reasonable. The district court calculated the Guidelines range and understood that it was advisory. Furthermore, it is apparent that the court had a reasoned basis for its decision. The court made an

4

individualized statement explaining the sentence imposed. Thus, the court imposed a reasonable sentence under the circumstances.

Additionally, Bair is not entitled to relief on his claim of ineffective assistance of counsel. We will address a claim of ineffective assistance on direct appeal only if the lawyer's ineffectiveness conclusively appears on the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Otherwise, such claims are more properly raised in a motion filed pursuant to 28 U.S.C.A. § 2255 (West Supp. 2010). Our review convinces us that ineffective assistance does not conclusively appear on the face of this record, and therefore we decline to address this claim on direct appeal.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore grant Bair's motions to file additional pro se supplemental briefs, and affirm the district court's judgment. This court requires that counsel inform Bair, in writing, of the right to petition the Supreme Court of the United States for further review. If Bair requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bair. We dispense with oral argument because the facts and legal contentions are adequately presented in the

5

materials before the court and argument would not aid the decisional process.

AFFIRMED